# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 21-1359V

DONNA FULBRIGHT,

          Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

          Respondent.

Chief Special Master Corcoran

Filed: December 1, 2025

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON DAMAGES[1]

On May 14, 2021, Donna Fulbright filed a Petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following her receipt of an influenza ("flu") vaccine on October 7, 2020. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 27, 2025, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On December 1, 2025, Respondent filed a Proffer on an

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

award of compensation ("Proffer"). Respondent represented that Petitioner agrees with the proffered award. *Id.* at 1-2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached proffer, **Petitioner is awarded a lump sum of $128,995.85 (representing $125,000.00 for pain and suffering, and $3,995.85 for past unreimbursable expenses) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a). Proffer at 2.

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DONNA FULBRIGHT,**      *

     *

     *

     Petitioner,      *      **No. 21-1359V**

     *      **Chief Special Master Corcoran**

v.      *

     *

**SECRETARY OF HEALTH AND**      *

**HUMAN SERVICES,**      *

     *

     Respondent.      *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PROFFER ON AWARD OF COMPENSATION

On May 14, 2021, Donna Fulbright ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34 ("Vaccine Act" or "Act"), alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine on October 7, 2020. Petition at 1-2. Respondent recommended that entitlement to compensation be denied in briefing filed on January 26, 2024 and December 20, 2024. ECF Nos. 32, 44. On March 27, 2025, the Court issued a Ruling on Entitlement, finding that petitioner is entitled to compensation.[1] ECF No. 46.

## I.      Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's March 27, 2025, entitlement decision.

the following:

      A.     <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded **$125,000.00**, for pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

      B.     <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$3,995.85**. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.    Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

> A lump sum of **$128,995.85** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt distribution to petitioner, Donna Fulbright.

                                      Respectfully submitted,

                                      BRETT A. SHUMATE
                                      Assistant Attorney General

---

[2] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JULIA COLLISON
Assistant Director
Torts Branch, Civil Division

s/Debra A. Filteau Begley
DEBRA A. FILTEAU BEGLEY
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
(202) 616-4181
debra.begley@usdoj.gov

Dated: December 1, 2025

3